IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-191-D

| | |
|---|---|
| TERESA SHIELDS-ROBERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM &**<br>**RECOMMENDATION** |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-24 & 26). Plaintiff has responded to Defendant's motion (DE-30), and the time for filing any further responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-29). For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-24) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-26) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for disability insurance benefits on August 28, 2007, alleging disability beginning June 1, 2005. (Tr. 16). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated April 23, 2010. *Id.* at 16-27. The Social Security

Administration's Office of Hearings and Appeals denied Plaintiff's request for review on July 12, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on November 1, 2011. (DE-7).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial

evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2005. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) fibromyalgia; and 2) chronic pain syndrome. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 21. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. *Id*. at 21-22. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) except that: the claimant can only occasionally stoop, crouch or kneel and can never climb ladders, ropes or scaffolds. The claimant can frequently use her fin[e] motor skills and can attend and concentrate up to two (2) hours at a time, as required. She is capable of interacting with others, including supervisors, co workers and the public. She can attend and concentrate and adapt to work place changes.
>
> *Id.*

The ALJ then determined that Plaintiff was capable of performing her past relevant work. *Id*. at 25. In the alternative, the ALJ also found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 25-26. The ALJ relied upon the testimony of a vocational expert ("VE") in reaching these determinations. *Id.* Based on these findings, the ALJ determined that Plaintiff had not been under a disability from June 1, 2005 through April 23, 2010. *Id*. at 22-22.

The undersigned recommends remand because the ALJ presented insufficient hypothetical questions to the VE. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record. Burton v.

Astrue, 2010 WL 4117262, * 3 (D. Md. October 20, 2010)(citation omitted). In addition, it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. *Id.* (citation omitted).

Here, the hypothetical questions presented to the VE did not include any limitation with regard to Plaintiff's fine motor skills or her ability to concentrate. (Tr. 54-60). In her RFC findings however, the ALJ noted at least some limitation in both of these areas. *Id.* at 21-22. Defendant concedes that these limitations were omitted in the hypothetical presented to the VE. (DE-27, pg. 12-14). However, Defendant argues that "[t]he ALJ would not have put restrictions into the RFC findings that *preclude* employment, when it is clear that she finds the Plaintiff able to do the jobs described by the VE . . . any purported discrepancy is in the eye of the reader, not in the intent of the ALJ." *Id.* at 14 (emphasis in original). Apparently, Defendant argues that the ALJ did not intend to rely upon the expertise of the VE but rather intended to craft a hypothetical that lead to a preordained result. Likewise, Defendant apparently argues that the nature of this Court's review is not to assess the ALJ's decision as written, but rather assess it with the assumption that an ALJ would not make determinations leading to a finding that Plaintiff is disabled. The undersigned rejects both arguments. On the contrary, the undersigned finds that ALJ would not have included limitations in her chosen RFC language that ultimately were intended to have no effect. Therefore, the undersigned recommends remand because the hypothetical posed to the VE did not include all of the limitations found by the ALJ. Teeter v. Astrue, 2012 WL 5405531, * 2 (W.D.N.C. Nov. 6, 2012)(remanding case when "the hypothetical posed to the VE did not include all of the limitations as found by the ALJ"); Finlay v. Astrue, 2012 WL 5267084 , * 3 (D.Md. October 19, 2012)("this Court cannot determine on the current record whether the hypothetical and the RFC are in fact inconsistent"); Elliot v.

Astrue, 2011 WL 2506335, * 4 (W.D.N.C. June 22, 2011)("Testimony resulting from inconsistent questioning does not provide substantial evidence to support findings on the vocational issues").

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-24) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-26) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, December 24, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE